# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPIEGEL DEVELOPMENT, INC., a California corporation,<br><br>　　　　　　　　　　　Plaintiff,<br>　v.<br>BANK OF AMERICA, N.A., a Delaware corporation; TEN-X, LLC., a Delaware corporation; and DOES 1-50, inclusive,<br><br>　　　　　　　　　　　Defendants. | CASE NO. 16cv2103-WQH-DHB<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion for Leave to File a Second Amended Complaint, to Join a Defendant, and Motion to Remand filed by Plaintiff Spiegel Development, Inc. (ECF No. 9).

**I. Procedural History**

On July 5, 2016, Plaintiff commenced this action by filing a complaint in the Superior Court of California, County of San Diego. (ECF No. 1-2). On August 19, 2016, Defendant Bank of America, N.A. ("BOA") filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. (ECF No. 1 at 1). In the Notice, BOA alleges that this Court has diversity of citizenship jurisdiction over this action pursuant to 28 U.S.C. § 1332 because "Plaintiff is a citizen of California and [BOA] is a citizen of North Carolina." *Id.* at 2. On August 19, 2016, BOA filed a Notice of Party with

Financial Interest stating that it is a Delaware corporation in the caption of the filing. (ECF No. 2). On August 26, 2016, BOA filed a motion to dismiss the original complaint (ECF No. 4) and a request for judicial notice (ECF No. 5).[1] On September 16, 2016, Plaintiff filed the First Amended Complaint ("FAC"), which is the operative complaint in this matter. (ECF No. 6).

On September 30, 2016, BOA filed a motion to dismiss the FAC. (ECF No. 8). On October 17, 2016, Plaintiff filed the Motion for Leave to File a Second Amended Complaint and Motion to Remand. (ECF No. 9). On October 31, 2016, Plaintiff filed a response in opposition to BOA's motion to dismiss. (ECF No. 10). On November 7, 2016, BOA filed a reply to Plaintiff's response to the motion to dismiss. (ECF No. 11).

**II. Contentions of the Parties**

Plaintiff contends that after it filed the Notice of Removal, a "further investigation into Plaintiff's claims revealed that several of the acts or omissions complained of were committed by Auction.com, broker and agent for Defendant [BOA.]" (ECF No. 9 at 3). Plaintiff contends that it included Ten-X, LLC in the FAC, as "Ten-X advertises itself as the owner and operator of Auction.com, and thus its successor in interest." *Id.* Plaintiff contends that it "has now also become aware that, though re-organized as a 'a [sic] Ten-X company', Auction.com, Inc., remains an active California corporation." *Id.*

Plaintiff requests this Court join Auction.com as a party to this action, pursuant to Federal Rule of Civil Procedure 19, because Auction.com "is an indispensable party and thus necessary for the just adjudication of Plaintiff's claims." *Id.* Plaintiff alleges that Auction.com is indispensable "because it is the agent for [BOA,]" and "[t]hus, Defendant [BOA] will be liable for the acts and omissions of its agent, proposed-

---

[1] Plaintiff filed the FAC on September 16, 2016. (ECF No. 6). Therefore, the Court denies BOA's motion to dismiss the initial complaint filed on August 26, 2016 (ECF No. 4) and request for judicial notice (ECF No. 5) filed on August 26, 2016 as moot.

defendant Auction[.com]." *Id.* at 6. Plaintiff contends that if Plaintiff is not granted leave to add Auction.com as a party to this action, Plaintiff "will be denied any forum, and will not have an adequate remedy elsewhere as the statute of limitations has lapsed." *Id.* at 6-7. Plaintiff contends that if Auction.com is joined in this action, the Court will no longer have diversity of citizenship jurisdiction over this matter because Auction.com is a California corporation. *Id.* at 3, 5-6.

The record of this case reflects that BOA has not filed an opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint and Motion to Remand (ECF No. 9).

**III. Applicable Law**

Federal Rule of Civil Procedure 19(a) provides that

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. Civ. P. 19(a)(1). 28 U.S.C. § 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "[T]he decision regarding joinder of a diversity destroying-defendant is left to the discretion of the district court[.]" *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

**IV. Analysis**

The record of this case reflects that BOA has not filed an opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint, to Join a Defendant, and Motion to Remand. Plaintiff's Motion appears to be meritorious. The joinder of Auction.com in this matter would "destroy subject matter jurisdiction" because Plaintiff

and Auction.com are both citizens of California. 28 U.S.C. §§ 1332, 1447. Pursuant to 28 U.S.C. § 1447(e), the Court will "permit joinder" of Auction.com "and remand the action to the State court." 28 U.S.C. § 1447(e).

The Court declines to rule on BOA's motion to dismiss the FAC (ECF No. 8). "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Given that the notice of removal in this case was based solely on diversity of citizenship jurisdiction and the FAC alleges only state law causes of action, the state court is the appropriate forum to litigate the merits of the motion to dismiss.

**V. Conclusion**

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to File a Second Amended Complaint, to Join a Defendant, and Motion to Remand (ECF No. 9) is granted. Plaintiff shall file the Proposed Second Amended Complaint (ECF No. 9-1) in the record of this case **within seven (7) days** from the date of this Order. Pursuant to 28 U.S.C. § 1447(e), after the Proposed Second Amended Complaint is filed, the Clerk of the Court is ordered to remand this action back to the Superior Court of California, County of San Diego, where it was originally filed and assigned the case number 37-2016-00022537-CU-BC-CTL.

IT IS FURTHER ORDERED that the motion to dismiss (ECF No. 4) and the request for judicial notice (ECF No. 5) filed by BOA are denied as moot.

DATED: November 30, 2016

**WILLIAM Q. HAYES**
United States District Judge